IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YADA SMITH, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:18-CV-2065-G-BH |
| | § | |
| WILMINGTON SAVINGS FUND | § | |
| SOCIETY FSB, AS TRUSTEE FOR | § | |
| STANWICH MORTGAGE LOAN, | § | |
| TRUST, A MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, | § | |
| SAMUEL G. DAVIDSON, PETER S. | § | |
| WAHBY, AND JOSEPH P. GRIFFITH | § | |
| WITH GREENBERG TRAURIG L.L.P., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are *Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint*, filed September 5, 2018, (doc. 10), and *Defendants' Motion for Summary Judgment*, filed April 26, 2019, (doc. 25). Based upon the relevant filings and applicable law, the motion to dismiss should be **GRANTED**, and the summary judgment motion should be **DENIED as moot**.

## I. BACKGROUND

This case involves a dispute over property located at 906 Ponds Court, Cedar Hill, Texas 75104 (the Property). (doc. 7 at 3.)[2] On May 10, 2018, Yada Smith (Plaintiff) filed this suit against Wilmington Savings Fund Society FSB, as Trustee for Stanwich Mortgage Loan Trust (Wilmington) and Mortgage Electronic Registration Systems, Inc. (MERS) (collectively Mortgage Defendants); she subsequently added Samuel G. Davidson, Peter S. Wahby, Joseph P. Griffith, and Greenberg

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Traurig L.L.P. (collectively Attorneys) in her third amended complaint (*See* docs. 1-2 at 3-30; 7).

On or about May 4, 2006, Plaintiff executed a promissory note (Note) and deed of trust (Deed of Trust) in favor of BNC Mortgage, Inc. (BNC) to purchase the Property. (doc. 12 at 141-43.) MERS was designated as the beneficiary of the Deed of Trust. (*Id.* at 142.) On August 27, 2007, Plaintiff sought to refinance her home purchase, entered into a new loan agreement with Beneficial Texas, Inc. (Beneficial), and executed a new deed of trust in favor of Beneficial (Second Deed of Trust). (*Id.* at 70.) The Second Deed of Trust secured her promise to make monthly mortgage payments on her home loan. (*Id.*) As part of the refinancing, on September 28, 2007, MERS executed a release of lien (Release) releasing its interest in the Deed of Trust. (*Id.* at 141.) The person executing the Release on behalf of MERS was "Linda Green, Vice President." (*Id.*)

On October 1, 2013, Beneficial conducted a foreclosure sale, purchased the Property, and subsequently executed a substitute trustee's deed (Substitute Trustee's Deed) that conveyed the Property to Beneficial. (doc. 12 at 72-74.) When Plaintiff failed to vacate the Property, Beneficial filed a forcible detainer action in the Justice of the Peace Court in Dallas County, Texas, and obtained a judgment in its favor. (*Id.* at 69-71, 82.) Plaintiff appealed the judgment, and it was subsequently affirmed. (*Id.* at 38-46.)

A.    <u>2016 Lawsuit</u>

On August 15, 2016, Plaintiff sued MERS and Beneficial in state court, and the lawsuit was later removed to the Northern District of Texas. *See Smith v. Beneficial Financial I, Inc.*, No. 3:16-CV-2709-D (N.D. Tex.) (2016 Lawsuit) (doc. 1). She asserted a claim for quiet title on the Property, alleging that MERS and Beneficial had no enforceable interest to foreclose because the MERS

conveyance document[3] was executed by a person purportedly not authorized by MERS to execute such a conveyance. (*Id.*, doc. 1-6 at 4-5.) She alleged that MERS and Beneficial were not authorized to foreclose on the Property under § 16.035 of the Texas Civil Practices & Remedies Code because foreclosure proceedings were not initiated within four years of the acceleration of the Note. (*Id.* at 6-7.) She also asserted a claim under § 12.002 of the Texas Civil Practices & Remedies Code for the filing of a "fraudulent lien" and sought a declaration that the MERS conveyance document was fraudulent. (*Id.* at 7.)

On April 25, 2017, MERS and Beneficial moved for judgment on the pleadings, seeking dismissal of all of Plaintiff's claims. (*See id.*, doc. 14.) The district court found that Plaintiff's complaint failed to state a claim and was subject to dismissal, but gave her an opportunity to amend. (*See id.*, doc. 19.) On July 7, 2017, Plaintiff filed an amended complaint that did not include the claims and arguments from the original complaint, and instead added a new cause of action based on violations of the Real Estate Settlement Procedures Act (RESPA), as well as a request for injunctive relief to compel the production of the original copy of the Note. (*See id.*, doc. 20.) On July 21, 2017, MERS and Beneficial moved to dismiss. (*See id.*, doc. 21.) The district court found the amended complaint also failed to state a claim and ultimately dismissed the case with prejudice. (*See id.*, docs. 26, 27.) Plaintiff did not appeal the 2016 Lawsuit.

**B.    2017 Lawsuit**

On September 11, 2017, Plaintiff filed another *pro se* petition in state court against MERS and Beneficial that was later removed to this district. *See Smith v. Beneficial Financial I, Inc.*, No.

---

[3] In all of the lawsuits, Plaintiff alleged that Linda Green lacked the authority to execute documents on behalf of MERS, and that documents executed by her on its behalf were "fraudulent." The only document with Linda Green's signature in all the lawsuits was the Release, but Plaintiff sometimes identified the document executed by Linda Green as the "Assignment of Note and Mortgage/Deed of Trust," the "Deed of Trust," or the "Substitute Trustee's Deed."

3

3:17-CV-3243-L. (N.D. Tex.) (2017 Lawsuit) (docs. 1, 1-2 at 3-10.) She essentially asserted the same claims against MERS and Beneficial that she asserted in the 2016 Lawsuit, i.e., that MERS and Beneficial had no legitimate interest in the Property because they failed to initiate foreclosure proceedings within four years of the acceleration of the Note, and the conveyance document by MERS was invalid because it was executed by a person not authorized by MERS. (*Id.*, doc. 1-2 at 3-10.) As in the 2016 Lawsuit, Plaintiff asserted claims for quiet title and under § 12.002 of the Texas Civil Practices & Remedies Code for the filing of a "fraudulent lien." (*Id.* at 9.)

On December 6, 2017, MERS and Beneficial moved to dismiss based on res judicata. (*See id.*, doc. 7.) The district court granted the motion and dismissed all the claims against MERS and Beneficial with prejudice. (*See id.*, docs. 13, 14.) Plaintiff did not appeal the 2017 Lawsuit.

### C.    <u>Current Lawsuit</u>

While the 2017 Lawsuit was pending, Plaintiff filed a *pro se* lawsuit against MERS and Wilmington in state court on May 10, 2018, and subsequently amended her complaint on May 30, 2018. (doc. 12 at 6-14, 26-33.) MERS and Wilmington removed the suit, asserting diversity jurisdiction under 28 U.S.C. § 1332. (*See* doc. 1.) On August 22, 2018, Plaintiff filed her third amended complaint, adding new claims and defendants. (*See* doc. 7.) She seeks declaratory relief and argues that Mortgage Defendants do not have standing to pursue foreclosure on the Property because they initiated foreclosure proceedings outside the four-year statute of limitations enumerated in § 16.035 of the Texas Civil Practice & Remedies Code. (doc. 7 at 4, 11.) She argues that their claimed interest in the Property is void because it is based on the Release by MERS that was "forged" and executed by a person not authorized to execute it on behalf of MERS. (*Id.* at 4-5.) She also asserts a fraudulent lien claim under § 12.002(a) of the Texas Civil Practice & Remedies

Code with allegations that the Release "constitutes fraud and was a forgery." (*Id.* at 7.) Plaintiff alleges that Attorneys "knowingly, intentionally and willfully introduced [] forged and fraudulent documents into this Court," and appears to assert claims against them for violating 18 U.S.C. § 1343, 8 U.S.C. § 1324c, "Texas Penal Code 38.12(d)2(E)(F)," "Texas Government Code 82.065 and 82.065," and Texas Disciplinary Rules of Professional Conduct 3.01, 4.04, 4.04, 7.02, and 8.04. (*Id.* at 8.)

Plaintiff requests a declaration that the Release "constitutes fraud and was a forgery" "in violation of the Texas Civil Practices and Remedies Code, Chapter 12" and "Title 18, United States Code, Section 371," that Mortgage Defendants are "without standing" to foreclose the Property, and that quiets title to the Property in her. (doc. 7 at 11.) She also seeks "mental anguish and special damages" based on Lorraine Brown's plea agreement in her criminal case "to make full restitution to any victims of the offense, as determined by the Court at sentencing." (*Id.*)[4]

On September 5, 2018, Defendants moved to dismiss Plaintiff's claims under Rule 12(b)(6). (doc. 10.) Plaintiff responded on September 21, 2018 (doc. 14), and Defendants replied on October 10, 2018 (doc. 16). Plaintiff filed a sur-reply on October 23, 2018. (doc. 18.) Defendants moved for summary judgment on April 26, 2019 (doc. 25), and Plaintiff responded on May 1, 2019 (doc. 29). Both motions are now ripe for recommendation.

---

[4] The third amended complaint alleges that Linda Green, Lorraine Brown, and DOCX were also involved in the "forgery" and "fraudulent conveyance" with Defendants. (doc. 7 at 4-5.) It references the mortgage-related criminal cases of Linda Green and Lorraine Brown, and appears to quote portions of an information against Lorraine Brown. (*Id.* at 4-5, 9-11.) The references to Linda Green, Lorraine Brown, and DOCX are construed as reasons for why the documents were fraudulent, and not as claims against them, because Plaintiff does not specifically list them as defendants and focuses on Defendants' use of the "fraudulent" documents. Further, Plaintiff expressly named Linda Green and Lorraine Brown as defendants in a separate suit involving the Property that is currently pending in the Northern District of Texas. *See Smith et al. v. Mortgage Electronic Registrations Systems Inc et al.,* No. 3:18-CV-3122-S (N.D. Tex.).

## II.  MOTION TO DISMISS

Defendants move under Rule 12(b)(6) to dismiss all of the claims asserted against them in Plaintiff's third amended complaint.  (doc. 10.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  The alleged facts must "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.

6

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the miscon-duct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted).  When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion.  *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196.  When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion.  *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007).  However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."  *Norris v.*

7

*Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Plaintiff attached to her third amended complaint copies of a release of lien, a report and recommendation in an unrelated civil case from the Eastern District of Texas,[5] a document that appears to be a criminal background check on a "Linda Green," and the information, plea agreement, and factual basis from a federal criminal case against Lorraine Brown.[6] (*See* doc. 7 at 14-58.) These documents are therefore considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205.

Defendants attached to its motion to dismiss copies of Plaintiff's original complaint, amended complaint, and third amended complaint filed in this lawsuit, the judgments, orders, and documents from the prior state court proceedings involving the Property, the pleadings and judgments from the 2016 and 2017 Lawsuits, and the pleadings, judgments, and orders from Plaintiff's bankruptcy proceedings. (*See* doc. 12 at 4-273.) These documents can be judicially noticed because they are matters of public record and their contents cannot reasonably be disputed. *See Norris*, 500 F.3d at 461 n.9; *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of "unimpeached certified copies of . . . deeds and assignments"); *see also Wang v. Prudential Ins. Co. of America.*, 439 F. App'x 359, 363 (5th Cir. 2011) (holding that the district court "did not impermissibly consider documents outside of the record in deciding the motion to dismiss, as the documents referred to were public court filings"); Fed. R. Evid. 201(b)(2) (a court

---

[5] *See Kingman Holdings, LLC v. Citimortgage, Inc. et al.*, No. 4:10-CV-619 (E.D. Tex. Apr. 21, 2011) (doc. 16).

[6] *See United States v. Lorraine Brown*, No. 3:12-CR-198-J-25MLR (M.D. Fla.).

may take judicial notice of a fact when it "can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed"). Accordingly, it is unnecessary to convert Defendants' motion to dismiss into a motion for summary judgment.

## A.    **Mortgage Defendants**

Mortgage Defendants move to dismiss all of Plaintiff's claims against them, asserting lack of standing and res judicata.

### *1.    Lack of Standing*

Mortgage Defendants argue that Plaintiff "lacks standing"[7] to challenge the assignment of the Deed of Trust by MERS, so her claims fail as a matter of law.  (doc. 11 at 15-17.)

Several district courts in Texas have held that "borrowers do not have standing to challenge the assignments to their mortgages because they are not parties to those assignments." *Kidd v. Fed. Nat. Mortg. Ass'n*, No. 3:12-CV-1733-B, 2012 WL 4900962, at *2 (N.D. Tex. Oct. 15, 2012) (collecting cases); *see also Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 WL 2399369, at *5 (N.D. Tex. June 26, 2012); *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp.2d 616, 623 (N.D. Tex. 2011) ("Plaintiffs do not have standing to challenge the assignments because they were not a party to those assignments.") (quoting *Eskeridge v. Fed. Home Loan Mortg. Corp.*, No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011).  Citing Texas law,

---

[7] "Standing has both constitutional and prudential aspects." *Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 460 n.9 (5th Cir. 2001) (citation omitted).  The argument that a borrower lacks standing to challenge an assignment of his mortgage implicates prudential standing. Prudential standing encompasses "[j]udicially created limits" that concern whether: (1) a plaintiff's grievance falls within the zone of interests protected by the statute invoked, (2) the complaint raises a generalized grievance more properly addressed by the legislature, and (3) the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties. *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009); *see also Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004).  "Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential standing is properly granted under Rule 12(b)(6)." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 (5th Cir. 2011).

however, some federal courts have recognized two exceptions: (1) the obligor of an assigned "claim may defend [a] suit brought thereon on any ground which renders the assignment void, but . . . not . . . voidable," and (2) "under very limited circumstances, . . . a defendant  sued on a negotiable instrument [may] assert defenses and claims held by others."  *Kramer v. Fannie Mae*, No. A-12-CA-276-SS, 2012 WL 3027990, at *4-5 (W.D. Tex. May 15, 2012) (citing to *Tri-Cities Const., Inc. v. American Nat. Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App.–Houston [1st Dist.] 1975, no writ) and Tex. Bus. & Com. Code § 3.305(c)); *see also Rodriguez v. Bank of Am., N.A.*, No. SA-12-CV-00905-DAE, 2013 WL 1773670, at *5 (W.D. Tex. Apr. 25, 2013); *Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at *6 (N.D. Tex. Aug. 29, 2012); *Miller v. Homecomings Fin., LLC*, No. 4:11-CV-04416, 2012 WL 3206237, at *5 (S.D. Tex. Aug. 8, 2012).

The Fifth Circuit has expressly adopted the first exception, stating "in Texas . . . an obligor cannot defend against an assignee's efforts to enforce [an] obligation on a ground that merely renders the assignment voidable[8] at the election of the assignor," but an "obligor *may* defend on any ground which renders the assignment void."  *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013) (citing *Tri–Cities Const., Inc.*, 523 S.W.2d at 430; *Glass v. Carpenter*, 330 S.W.2d 530, 537 (Tex. Civ. App.—San Antonio 1959, writ ref'd n.r.e.)) (emphasis in original).  A debtor can challenge a void assignment "because a void assignment would not pass title, and the debtor has an interest to insure [*sic*] himself that he will not have to pay the same claim twice." *Washington v. JP Morgan Chase*, No. SA-11-CV-763-XR, 2013 WL 636054, at *8 (W.D. Tex. Feb. 20, 2013) (citation omitted); *accord Tri–Cities Const., Inc.*, 523 S.W.2d at 430.  With respect to the

---

[8]  "Examples of 'voidable' defenses include the statute of frauds, . . . fraud in the inducement, . . . lack of capacity as a minor, . . . and mutual mistake."  *Miller*, 2012 WL 3206237, at *5; *see also* Tex. Bus. & Com. Code § 3.202(a) (listing voidable defenses against the enforcement of a negotiable instrument).

10

assignment of a mortgage, "[a] void contract of assignment confers no right to foreclose under the deed on the purported assignee while a voidable contract transfers the deed to the assignee—including the rights contained in it—subject to the rights of the assignor to set it aside upon proof [that] the contract was executed improperly." *Puente,* 2012 WL 4335997, at *6 n. 14 (citing to *Slaughter v. Qualls*, 139 Tex. 340, 162 S.W.2d 671, 674 (Tex. 1942)); *see also Glass*, 330 S.W.2d at 537 (distinguishing between a void and a voidable assignment).[9]

### a.    Forgery

Plaintiff first alleges that Mortgage Defendants "do[] not have a valid lien and/or secured claim against [the Property]" because the Release by MERS was "forged." (doc. 7 at 4.) The third amended complaint appears to include excerpts from an information in a criminal case charging Lorraine Brown with mail fraud, wire fraud, and criminal conspiracy. (*Id.*) It states that since 2005, Lorraine Brown directed employees of DOCX to "forg[e] and falsify[] signatures on the mortgage-related documents that they ha[d] been hired to prepare and file with property recorders' offices throughout the United States." (*Id.* at 9.) It alleges that the Release was "a product of DOCX, which was a product of a nation-wide mortgage fraud scheme." (*Id.* at 10.) Because Linda Green and "co-conspirator" Lorraine Brown admitted to transferring "millions of forged documents to county records offices throughout the nation," Plaintiff alleges that the Release is likewise a "forgery" and "makes the entire chain of title fraudulent." (doc. 14 at 8.)

As noted, "an obligor on a loan '*may* defend [against an assignee's efforts to enforce the obligation] 'on any ground which renders the assignment void.'" *Ybarra v. Wells Fargo Bank, N.A.*, 575 F. App'x 471, 473 (5th Cir. 2014) (quoting *Reinagel*, 735 F.3d at 225 (emphasis in original and

---

[9] "This rule accords with [the] principle of contract law" that a "void contract is 'invalid or unlawful from its inception' and therefore cannot be enforced." *Rodriguez*, 2013 WL 1773670, at *5 (citing 17A, C.J.S. Contracts § 169).

citations omitted)).  "[U]nder Texas law, a deed that is forged is void." *Ybarra*, 575 F. App'x at 473 (quoting *Lighthouse Church v. Tex. Bank*, 889 S.W.2d 595, 603 (Tex. App.—Houston [14th Dist.] 1994, writ denied)).  "[T]o be a forgery the signing must be by one who purports to act as another," which "includes all other persons, real or fictitious, except the person engaged in the forgery." *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976).

Here, Plaintiff's allegations that the Release is a "forgery" is premised solely on claims and allegations from an unrelated criminal case.  She does not allege that the signature on the Release was not the actual signature of Linda Brown, or that the signature was affixed without the signor's authorization.  Even liberally construed in her favor and accepted as true, Plaintiff's allegation that the Release was "forged" fails to raise a reasonable inference that she has standing to challenge MERS's assignment of the Deed of Trust.[10]  *See Molin v. Fremont Investment & Loan*, No. H-13-2394, 2013 WL 6732043, at *2 (S.D. Tex.  Dec. 19, 2013) (holding plaintiffs lacked standing to challenge the assignment because they merely alleged that signatures on assignments were not the actual signatures of the signers and not that the signatures were affixed without the signers' authorization); *Lopez v. Sovereign Bank, N.A.*, No. H-13-1429, 2014 WL 1315834, at *7 (S.D. Tex.

---

[10]  Because allegations of forgery are based in fraud, Plaintiff is required by Rule 9(b) of the Federal Rules of Civil Procedure to plead the circumstances constituting fraud with particularity. *See City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010)*; see also Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not."); *see, e.g., Jemison v. Citimortgage, Inc.*, No. H–13–2475, 2015 WL 251754, at *2 (S.D. Tex. Jan. 20, 2015) (finding bare allegations that signatures on assignments were forged to be insufficient under Rule 9(b)).  Although Defendant did not move to dismiss for failure to plead fraud with particularity under Rule 9(b), the standard under that rule is the same as under Rule 12(b)(6). *McCall v. Genentech, Inc.*, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).  Plaintiff's general, conclusory allegations fall well short of "the who, what, when, where, and how" heightened pleading requirement required under Rule 9(b). *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *see, e.g., Kreway v. Countrywide Bank, FSB*, 647 F. App'x 437, 438 (5th Cir. 2016) (affirming dismissal of claims relying on allegations of forgery because the complaint "did not plead any facts relating to who perpetrated the alleged forgery or how, when, and where the alleged forgery was executed" and fell short of the pleading requirements of Rule 9(b)).  Nonetheless, even if Plaintiff alleged fraud with particularity, she lacks standing to challenge MERS's assignment of the Deed of Trust on grounds of forgery.

March 31, 2014) (holding plaintiffs lacked standing to challenge the assignment because they did

not allege facts that, if true, would show the signer's signature was made without her authorization

and was therefore a forgery); *Rogers v. Specialized Loan Servs.*, No. SA-14-CA-499-FB, 2014 WL

12496576, at \*12 (W.D. Tex. Oct. 10, 2014), *adopted by* 2014 WL 12496577 (W.D. Tex. Oct. 31,

2014) (holding plaintiffs lacked standing to challenge the assignment because a news report that

"[t]he company preparing documents for banks hired multiple other people to sign Green's name"

and "plaintiffs' tentative allegation that another person besides Ms. Green might have signed Ms.

Green's name to the assignment is not sufficient to state a claim that the signature is a forgery").

#### b.    Lack of Authority

Plaintiff also alleges that MERS's assignment of the Deed of Trust was invalid and void

because "the Board of Directors of MERS has not appointed Linda Green as an officer of MERS"

and she "did not have the authority to bind MERS . . . when she executed [the Release]." (doc. 7 at

4-5.)

As noted by the Fifth Circuit, a challenge of an assignment based on the signer's lack of

authority only renders the assignment voidable, and therefore does not convey standing to challenge

the assignment.  *See Reinagel,* 735 F.3d at 226 ("'[Texas] law is settled that the obligors of a claim

. . . may not defend [against an assignee's effort to enforce the obligation] on any ground which

renders the assignment voidable only,' [and so defendant's] lack of authority, even accepted as true,

does not furnish the Reinagels with a basis to challenge the second assignment.") (citing *Tri-Cities

Constr.*, 523 S.W.2d at 430; *Glass*, 330 S.W.2d at 537); *see also Van Duzer v. U.S. Bank Nat.

Assoc.,* No. H-13-1398, 2014 WL 357878, at \* 8 (S.D. Tex. Jan. 31, 2014) (finding plaintiffs'

challenge of the assignment based on the signer's lack of authority would render the assignment

voidable and did not furnish plaintiffs with a basis to challenge the assignment); *Howard v. J.P. Morgan Chase NA*, 2013 WL 1694659, at * 8 (W.D. Tex. Apr. 18, 2013) (finding plaintiff's allegations that the signer lacked authority to sign on behalf of MERS would render the assignment voidable and the plaintiff therefore lacked standing to challenge the assignment); *Venegas v. U.S. Bank, Nat'l Ass'n,* No. SA-12-CV-1123-XR, 2013 WL 1948118, at *5 (W.D. Tex. May 9, 2013) (finding "[p]laintiffs' allegation that Krystal Hall and Melanie Cowan lacked authority to execute the assignment documents, if true, would suggest that the assignments are merely voidable," and "[p]laintiffs do not have standing to challenge the assignments on that ground").  Accordingly, Plaintiff's allegation that Linda Brown did not have the authority to sign the Release does not give her standing to challenge MERS's assignment of the Deed of Trust.

To the extent Plaintiff's claims against Mortgage Defendants are based on her challenge to MERS's assignment of the Deed of Trust, they are subject to dismissal for failure to state a claim.

### 2.    *Res Judicata*

Mortgage Defendants also move to dismiss on grounds that all of Plaintiff's claims against them are barred by res judicata.  (doc. 11 at 18-22.)

The "rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'").  "True res judicata" or "claim preclusion . . . bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted).

14

This doctrine has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Comer*, 718 F.3d at 466-67.

Res judicata is generally "an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial." *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 664 n.1 (5th Cir. 2004) (citing *Moch v. East Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977) ("Generally, a party cannot base a 12(b)(6) motion on res judicata."). Nevertheless, "[i]f, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008) (per curiam) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)). As with all affirmative defenses, the burden of proving claim preclusion "rests on the party claiming the benefit of the doctrine." *Patterson v. Dean Morris, L.L.P.*, No. 08-5014, 2011 WL 1791235, at *6 (E.D. La. May 6, 2011) (citation omitted); *accord Taylor*, 553 U.S. at 907.

### a.    Identical Parties or Privity with Interested Parties

It is undisputed that Plaintiff, MERS, and Beneficial were parties to the 2016 and 2017 Lawsuits, and that Plaintiff, MERS, and Wilmington are parties to the current suit. Wilmington was not a party to the 2016 and 2017 Lawsuits, but it can claim preclusion as a defense if it was in privity with identical parties to those prior suits. *See Test Masters*, 428 F.3d at 571; *see also Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992) ("A non-party defendant can assert res judicata so long as it is in 'privity' with the named defendant.").

15

Privity is in essence a "legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266–67 (5th Cir. 1990). The Fifth Circuit "has held that privity exists in just three, narrowly-defined circumstances: (1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." *Id.*[11]

Here, Plaintiff does not dispute Defendants' claim that Beneficial conveyed her mortgage loan and its interest in the Property to Stanwich Mortgage Loan Trust (Stanwich), and that Wilmington is the trustee for Stanwich. (doc. 11 at 6.) In fact, she alleges that Wilmington is the "New Assignee/Successor" of the Substitute Trustee Deed, which was conveyed by the "Previous Assignee/Successor." (doc. 7 at 4-5.) Wilmington does not have any other apparent interest or defense in this case besides Beneficial's arguments regarding the Property and Plaintiff's mortgage loan. This relationship is sufficient to establish privity between Wilmington and Beneficial. *See Frank C Minville LLC v. Atl. Ref. Co.*, 337 F. App'x 429, 435 (5th Cir. 2009) (per curiam) ("[N]onparty preclusion may be justified based on a . . . pre-existing 'substantive legal relationship[

---

[11] In *Taylor*, the Supreme Court "avoid[ed] using the term 'privity'" to "ward off confusion," but it identified six "exceptions" to "the rule against nonparty preclusion": (1) a person who agrees to be bound by the determination of issues in an action between others is bound in accordance with the terms of his agreement; (2) preclusion may be justified based on a variety of pre-existing "substantive legal relationships" between the person to be bound and a party to the judgment, such as "preceding and succeeding owners of property, bailee and bailor, and assignee and assignor"; (3) a nonparty may be bound by a judgment where she was "adequately represented" by a party to the suit having the same interests as the nonparty, such as in "properly conducted class actions ... and suits brought by trustees, guardians, and other fiduciaries"; (4) preclusion is appropriate if the nonparty "assumed control" over the litigation in which the judgment was rendered; (5) "a party bound by a judgment may not avoid its preclusive force by relitigating through a proxy"; and (6) a "special statutory scheme" may sometimes "expressly foreclose successive litigation by nonlitigants," such as statutes governing "bankruptcy and probate proceedings." *Taylor*, 553 U.S. at 893–96. Notably, the Court cautioned that this list was "meant only to provide a framework" for nonparty preclusion rather than "a definitive taxonomy." *Id.* at 893.

]' between the [party and nonparty] . . . " such as "preceding and succeeding owners of property .

. . and assignee and assignor") (citing *Taylor*, 553 U.S. at 893).  The first element is satisfied.

### b.    Court of Competent Jurisdiction

Plaintiff filed the 2016 and 2017 Lawsuits in state court, and both actions were removed to

and dismissed by the Northern District of Texas.  None of the parties disputes that it was a court of

competent jurisdiction to determine the prior actions.  This element is also satisfied.

### c.    Prior Final Judgment

A prior final judgment on the merits was issued in the 2016 Lawsuit when the district court

initially granted the motion to dismiss under Rule 12(c) and ultimately dismissed all claims with

prejudice after granting the subsequent motion to dismiss under Rule 12(b)(6), and a prior final

judgment was issued in the 2017 Lawsuit when the district court granted the motion to dismiss under

Rule 12(b)(6) and dismissed all claims with prejudice.  "Generally, a federal court's dismissal with

prejudice is a final judgment on the merits for res judicata purposes."  *Stevens v. Bank of America,*

*N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) (citing *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398,

401 (5th Cir. 2009)).  The third element has been met.

### d.    Same Claims

Mortgage Defendants contend that the claims asserted against them in the current suit are

identical and arise out of the same nucleus of operative facts as in the 2016 and 2017 Lawsuits.

They argue that she is reasserting the same arguments that are based on the same mortgage loan and

Property. (*See* doc. 11 at 20-21.)

Res judicata extends beyond claims that were actually raised in prior action and bars all

claims that "could have been advanced in support of the cause of action on the occasion of its former

17

adjudication . . . ." *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990). Ultimately, the "preclusive

effect of [the] prior judgment extends to all rights the original plaintiff had 'with respect to all or any

part of the transaction, or series of connected transactions, out of which the [original] action arose.'"

*Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004) (citation omitted). "To

determine whether two suits involve the same claim or cause of action, [the Fifth Circuit] has

adopted the transactional test of the Restatement (Second) of Judgments, § 24." *Id.*. Under this test,

the "inquiry focuses on whether the two cases under consideration are based on 'the same nucleus

of operative facts.'" *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (citations

omitted). "[I]t is the nucleus of operative facts, rather than the type of relief requested, substantive

theories advanced, or types of rights asserted, that defines the claim." *Id.* Identifying the nucleus

of operative facts involves a "pragmatic" approach, "giving weight to such considerations as

whether the facts are related in time, space, origin, or motivation, whether they form a convenient

trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Test Masters*,

428 F.3d at 571 (citing Restatement (Second) of Judgments, § 24).

In the 2016 and 2017 Lawsuits, Plaintiff filed suit against Beneficial and MERS alleging that

they lacked the authority to foreclose on the Property because they did not initiate the foreclosure

proceedings within four years of the acceleration of the Note, and that the Release was void because

Linda Green was not authorized to execute documents on behalf of MERS. (2016 Lawsuit, doc. 1-6

at 4-7; 2017 Lawsuit, doc. 1-2 at 3-10.) She requested a declaration that the Release was fraudulent

and violated § 12.002 of the Texas Civil Practices & Remedies Code and that the defendants were

without standing to foreclose on the Property, and that quieted title to the Property in her favor.

(2016 Lawsuit, doc. 1-6 at 7; 2017 Lawsuit, doc. 1-2 at 10.) The 2016 Lawsuit was dismissed under

18

Rule 12(b)(6) for failure to state a claim for relief. (2016 Lawsuit, doc. 27.) In the 2017 Lawsuit, the court found that Plaintiff's claims were barred by res judicata because they were "virtually identical" to the claims that had been dismissed in the 2016 Lawsuit, and it dismissed all the claims in the 2017 Lawsuit with prejudice. (2017 Lawsuit, docs. 12 at 7; 14.)

Here, Plaintiff again alleges that the Release is void because Linda Green was not authorized to execute it on MERS's behalf and requests a declaration that the Release "constitutes fraud and was a forgery" "in violation of the Texas Civil Practices and Remedies Code, Chapter 12" and "Title 18, United States Code, Section 371." (doc. 7 at 4-5.) She also alleges that Mortgage Defendants cannot foreclose on the Property due to the "fraudulent" Release and because they did not initiate foreclosure proceedings within the four year limitations period, and requests a declaration that they are "without standing" to foreclose the Property. (*Id.* at 4.) She again requests a declaration quieting title of the Property to her. (*Id.* at 11.)

Plaintiff's claims in her three lawsuits all arise from the same or series of connected transactions, i.e., the release of lien by MERS and the assignment of her mortgage loan. Her claims also revolve around her belief that Mortgage Defendants have no right to possession or to seek foreclosure on the Property. Considered together, all of her claims are related in "motivation" and "origin" and form a "convenient trial unit," as she ultimately seeks to retain possession and ownership of the Property due to the alleged "fraudulent" actions of Defendants. *See Sidag Aktiengesellschaft v. Smoked Foods Prods. Co., Inc.*, 776 F.2d 1270, 1274 (5th Cir. 1985) ("[O]ne who has a choice of more than one remedy for a given wrong . . . may not assert them serially, in successive actions, but must advance all at once on pain of bar.") (internal quotations omitted); *see also Bellot v. Wells Fargo Bank, N.A.*, No. H-13-2014, 2014 WL 2434170, at *5 (S.D. Tex. May 29,

2014) (finding res judicata existed where the plaintiffs raised the same challenges in the present case as they did in the prior case regarding the defendant's ability to pursue foreclosure despite the fact that a foreclosure occurred after the prior lawsuit and before the current lawsuit). The fourth element is therefore satisfied.

Because the elements of res judicata appear on the face of Plaintiff's third amended complaint and in documents that are subject to judicial notice, the affirmative defense of res judicata may be considered under Rule 12(b)(6). *See Hall*, 305 F. App'x at 227-28; *see also Saint Paul Commodities, LLC v. Crystal Creek Cattle Co.*, No. 3:11-CV-0037-G, 2012 WL 3135574, at *3 n.3 (N.D. Tex. Aug. 1, 2012) (considering the res judicata defense in the motion to dismiss context because "all [the] relevant facts [were] in the record and [were] uncontroverted"). Because all the elements of claim preclusion are satisfied, Plaintiff's claims against Mortgage Defendants are barred and should be dismissed with prejudice.[12] See Butts v. JP Morgan Chase Bank, No. 3:11-CV-2542-M, 2011 WL 7109344 at *2 (N.D. Tex. Dec. 28, 2011) (dismissing the plaintiff's claims as "barred by res judicata" because "both the instant action and the prior litigation [arose] out of the 'same nucleus of operative facts'—the mortgage loan obtained by [the] plaintiff on the subject property").[13]

## B.    **Attorneys**

Attorneys argue that Plaintiff's claims against them under 18 U.S.C. § 1343, 8 U.S.C. § 1324c, Texas Penal Code §§ 38.12(d)(2)(E) and (F), Texas Government Code § 82.065, and Texas

---

[12] Mortgage Defendants additionally argue that Plaintiff's other state court suit and the adversary proceedings in her bankruptcy case also supports the dismissal of the current case on res judicata grounds. (*See* doc. 11 at 20-21.) Because all elements of claim preclusion have been established from the 2016 and 2017 Lawsuits, it is not necessary to consider those other disputes.

[13] Mortgage Defendants also moved to dismiss Plaintiff's claims to quiet title and under Chapter 12 of the Texas Civil Practice and Remedies Code on grounds that she failed to state a claim for relief. (*See* doc. 11 at 13-18.) Because Plaintiff's claims are subject to dismissal for lack of standing and based on the doctrine of res judicata, it is unnecessary to reach these arguments.

Disciplinary Rules of Professional Conduct 3.01, 4.04, 4.04, 7.02, and 8.04, should be dismissed under Rule 12(b)(6) because she fails to state a viable claim for relief. (doc. 11 at 22-24.)

### 1.    Federal Criminal Statutes

Plaintiff sues under 18 U.S.C. § 1343 and, 8 U.S.C. § 1324c, but these are federal criminal statutes. *See Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634 (5th Cir. 1974) (holding that the Wire Fraud Act, as codified in 18 U.S.C. § 1343, is a criminal statute that does not convey a private right of action); *Richard Dattner Architects*, 972 F. Supp. 738, 744 (S.D.N.Y. 1997) (holding that 8 U.S.C. § 1324c, which makes it unlawful for a person knowingly to falsify documents to satisfy the requirements of or to obtain a benefit under the Immigration and Nationality Act, does not create a private right of action). "Private citizens do not have the right to bring a private action under a federal criminal statute." *Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) (citing *Pierre v. Guidry*, 75 F. App'x 300, 301 (5th Cir. 2003) (per curiam)). They cannot enforce federal criminal statutes in a civil action. *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007). Accordingly, any claim under these federal criminal statutes should be dismissed for failure to state a claim.

### 2.    Texas Penal Code

Plaintiff sues under Texas Penal Code §§ 38.12(d)(2)(E) and (F), which is the Texas criminal statute prohibiting barratry.[14] *See Neese v. Lyon*, 479 S.W.3d 368, 385 (Tex. App.—Dallas 2015, no pet.). "As with violations of federal statutes, a state criminal statute does not, without clear indication of such intent, give rise to a private cause of action." *Tummel v. Milane*, No.

---

[14] "The ordinary meaning of barratry is vexatious incitement to litigation, especially by soliciting potential legal clients." *Neese v. Lyon*, 479 S.W.3d 368, 385 (Tex. App.—Dallas 2015, no pet.) (citing *Barratry*, BLACK'S LAW DICTIONARY (10th ed. 2014)).

7:18-CV-339, 2019 WL 366708, at *7 (S.D. Tex. Jan. 30, 2019). Further, "Texas does not recognize private causes of action for penal code violations." *Joyner v. DeFriend*, 255 S.W.3d 281, 283 (Tex.App.-Waco 2008, no pet.) (citing *Trevino v. Ortega*, 969 S.W.2d 950, 953 (Tex. 1998); *see also Akins v. Liberty Cty.*, No. 1:10-CV-328, 2014 WL 105839, at *27 (E.D. Tex. Jan. 9, 2014) (quoting *Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex.App.–San Antonio 2002, no pet.) ("The Texas Penal Code, however, 'does not create private causes of action.'")); *see, e.g., Evans v. City of Dallas*, No. 3:16-CV-0561-L, 2017 WL 958607, at *6 (N.D. Tex. Mar. 13, 2017) (dismissing Texas Penal Code claim for failure to state a claim because "no civil cause of action exists for violation of a state criminal statute pursued under state criminal statute"). Because Plaintiff cannot recover for violations of the Texas Penal Code, any claim asserted under Texas Penal Code § 38.12 should also be dismissed for failure to state a claim. *See Moiel v. Sandlin*, 571 S.W.2d 567, 571 (Tex.Civ.App.-Corpus Christi 1978, no writ) (holding that "[t]he offense of barratry as defined in [Tex. Penal Code § 38.12] is a public remedy and not a private one").

### 3.    Texas Government Code

Section 82.065 of the Texas Government Code applies to contingent fee contracts for legal services in Texas. *See* Tex. Gov't Code Ann. § 82.065. Section 82.0651[15] of the Texas Government Code provides a private right of action for barratry against an attorney by the attorney's client or a person improperly solicited for legal services. *See* Tex. Gov't Code Ann. § 82.0651. Here, Plaintiff does not allege that she had a contract for legal services with Attorneys, or that they solicited her business by any means. (*See* doc. 7.) Accordingly, to the extent she is asserting a civil barratry claim, it should be dismissed for failure to state a claim. *See Wise v. Wilmoth*, No.

---

[15] Plaintiff does not expressly mention 82.0651 in her third amended complaint, but alleges violations under "Texas Government Code 82.065 and 82.065." (*See* doc. 7 at 8.)

3:16-CV-1039-M-BH, 2017 WL 3267924, at *13 (N.D. Tex. July 3, 2017), *adopted by* 2017 WL 3267727 (N.D. Tex. July 31, 2017) (dismissing a civil barratry claim for failure to state a claim).

### 4.    *Texas Disciplinary Rules of Professional Conduct*

The Texas Disciplinary Rules of Professional Conduct "set forth the proper conduct of lawyers 'solely for the purpose of discipline within the profession.'" *See McGuire, Craddock, Strother & Hale P.C. v. Transcontinental Realty Inv'rs, Inc.*, 251 S.W.3d 890, 896 (Tex. App.–Dallas 2008, pet. denied) (quoting 1 J. Hadley Edgar, Jr. & James B. Sales, TEXAS TORTS AND REMEDIES § 12.02[1][a][ii][A] (2000)). A violation of those rules "does not give rise to a private cause of action." *Blankinship v. Brown,* 399 S.W.3d 303, 311 (Tex. App.–Dallas 2013, pet. denied) (quoting Tex. Disciplinary R. Prof'l Conduct, Title 2, Subtitle G, App. Art. X § 9, preamble ¶ 15)). Accordingly, any claim that Plaintiff pursues under the Texas Disciplinary Rules of Professional Conduct should be dismissed for failure to state a claim. *See, e.g., Joyner*, 255 S.W.3d at 283 (holding plaintiff could not support causes of action for fraud and civil conspiracy based on violations of State Bar disciplinary rules).

Because Plaintiff fails to state a claim for relief against Attorneys, all her claims against them should be dismissed.

## III.  NEW ALLEGATIONS

Plaintiff's response to Defendants' motion to dismiss includes new claims against Attorneys for violating several federal criminal statutes that were not asserted in her third amended complaint, including 18 U.S.C. §§ 371, 1343, 1344, 1351, 1510, 1511, 1512, and 1962. (*See* doc. 14.) In her sur-reply, she also reasserts a claim against them for violating 18 U.S.C. § 371. (*See* doc. 18.) Even

if liberally construed as an amendment to her third amended complaint,[16] Plaintiff's allegations and claims fail to state a claim for relief because a litigant cannot enforce federal criminal statutes in a civil action.  *See Florance*, 500 F. Supp. 2d at 626 (N.D. Tex. 2007).  Therefore, to the extent any new claims are asserted in her response and sur-reply, they are also subject to dismissal for failure to state a claim.

## IV.  OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted.  *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001).  Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order.  *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.  A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal.  *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1.  However, "[w]hen a plaintiff is given an opportunity to amend a complaint that fails to state a claim upon which relief can be granted, but refuses to do

---

[16] "Plaintiff's new allegations in her response are not part of the pleadings to be considered for purposes of the motion to dismiss." *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, *4 n. 3 (N.D. Tex. Aug.15, 2014); *see also Cutrera v. Board of Supervisors*, 429 F.3d 108, 113 (5th Cir.2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb.12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the Court) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)).  She has not sought or been granted leave to amend her complaint to add these allegations, and she has not shown that Defendants consented to an amendment. *See* Fed. R. Civ. P. 15(a) (2).  Nevertheless, the *pro se* response and sur-reply may be liberally construed as a request for leave to amend her complaint. *See Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss, in which plaintiff first alleged that she had been willfully discriminated against, should be treated as a motion to amend her pleadings).

so, then the district court is justified in dismissing the complaint with prejudice." *Rodriguez v. United States*, 66 F.3d 95, 98 (5th Cir. 1995).  Additionally, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case.  *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, all of Plaintiff's claims in her three lawsuits are based upon the Release and her claim of superior title to the Property.  Because those claims all fail as a matter of law and are barred by res judicata, she appears to have alleged her best case against Mortgage Defendants.  She has also asserted additional claims against Attorneys in her reply and sur-reply that also fail to state a claim, and appears to have alleged her best case against Attorneys as well.  Therefore, an opportunity to amend is unwarranted.

## V.  RECOMMENDATION

Defendants' motion to dismiss should be **GRANTED,** and all of Plaintiff's claims should be **DISMISSED with prejudice**.  Defendants' motion for summary judgment should be **DENIED as moot.**

**SO RECOMMENDED** on this 14th day of June, 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

25

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

26